**Juan Pablo HUIZA-HENRIQUEZ,
Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney
General, Respondent.**

**No. 14-70807**

United States Court of Appeals,
Ninth Circuit.

Submitted December 18, 2017 *

Filed December 21, 2017

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Alex Galvez, Counsel, Law Office Alex Galvez, Los Angeles, CA, for Petitioner

Margot L. Carter, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Juan Pablo Huiza-Henriquez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review de novo questions of law, *Mendez-Mendez v. Mukasey*, 525 F.3d 828, 832 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We do not consider the materials Huiza-Henriquez references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

We lack jurisdiction to review Huiza-Henriquez's contentions as to his particular social group and humanitarian asylum because he failed to raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (exhaustion is mandatory and jurisdictional).

Substantial evidence supports the agency's conclusion that Huiza-Henriquez failed to establish a nexus between the harm he experienced and fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (without "evidence of an actual political opinion or motive in the petitioner's or the gang's actions" the petitioner's actual or imputed political opinion claim failed), abrogated on other grounds by *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092-94 (9th Cir. 2013). Thus, Huiza-Henriquez's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of Huiza-Henriquez's CAT claim because he did not demonstrate it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Finally, we reject, as unsupported by the record, Huiza-Henriquez's contentions that the IJ violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.